UNITED STATES DISTRICT COURT

Northern District of California

MICHAEL E. MITRICK,

          Plaintiff,

  v.

COUNTY OF SONOMA *et. al*,

          Defendants.
_____/

No. C 08-5306 TEH (MEJ)

**ORDER RE DISCOVERY DISPUTE (DKT. #42)**

      Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff Michael Mitrick ("Plaintiff") and Defendant County of Sonoma ("Defendant"). (Dkt. #42.) The parties' dispute concerns Plaintiff's Special Interrogatory No. 5, in which Plaintiff requests that Defendant "identify each person present at the scene of the subject-incident use of force against Plaintiff at Sonoma County Jail on October 6, 2007." (Joint Letter at 1-2.) As used in Special Interrogatory No. 5, the term "identify" means state the names, addresses and telephone numbers for any individual present, including inmates at Sonoma County Jail and employees of Defendant. *Id.* In responding to Special Interrogatory No. 5, Defendant listed only Sonoma County Sheriff staff members present during the subject incident, and objected to production of inmate or arrestee information in order to protect their right of privacy. *Id.*

      In the Joint Letter, Plaintiff states that there were five or six people in the waiting room who observed the incident, but he does not know their identities. *Id.* Plaintiff argues that the witnesses to the incident are readily identifiable by Defendant, and his right to discovery outweighs the privacy interests cited by Defendant. *Id.* at 3. In response, Defendant argues that Plaintiff does not have specific knowledge that any other inmates witnessed the incident; thus his request amounts to a fishing expedition. *Id.* Defendant states that 74 arrestees were processed during the time surrounding the incident, and that it can ascertain 20-25 individuals from that list who may have been present during the incident. *Id.* at 4. Defendants argue that there is no evidence that any of these individuals actually witnessed the incident, and thus the balance tips against disclosure and in

1 favor of the arrestees and inmates' privacy rights. *Id.*

2 In *Low v. Stanton*, 2009 WL 55896, at *8 (E.D. Cal. 2009) the plaintiff alleged excessive force by officers in Solano County Jail and sought production of names and identification numbers of all inmates housed in a certain area who may have had a view of the area where the alleged incidents took place. The plaintiff sought the inmate rosters for three separate days on which the incidents were alleged to have taken place. *Id.* The court denied the plaintiff's request, finding that the plaintiff had not presented any evidence that the other inmates viewed the incident and that there were other less-intrusive ways the plaintiff could have discovered any such witnesses. 2009 WL 55896, at *9. Specifically, the court stated that "[t]he discovery request that is the subject of the motion to compel appears to be a fishing expedition and not a legitimate and carefully honed attempt to identify legitimate witnesses." *Id.*

Here, the Court finds that Plaintiff is entitled to identification of the inmates and arrestees who were present in the booking area and waiting room at the time of the incident. Unlike the plaintiff in *Low*, who presented no evidence that other inmates viewed the incident, the Plaintiff in the present case testified in his deposition that five or six individuals may have witnessed the incident. (Joint Letter at 3.) While Plaintiff does not know for sure whether any of the individuals present actually witnessed the incident, he testified in his deposition that five or six individuals were present and he has no way of knowing whether or not they saw the incident unless he interviews them. Further, Plaintiff has limited his request to any person present in the booking area and waiting room at the time the alleged incident occurred, rather than entire inmate rosters. Accordingly, the Court finds that Plaintiff's request has been carefully honed in an attempt to identify legitimate witnesses. Defendant has sole access to this information, and Plaintiff is entitled to access it. Accordingly, Defendant is ORDERED to respond to Special Interrogatory No. 5 within ten (10) days following this Order.

**IT IS SO ORDERED.**

Dated: May 13, 2010

Maria-Elena James
Chief United States Magistrate Judge

2